Jeffrey A. James, WSBA #18277
B. Jason Rossiter, WSBA #44732
Sebris Busto James
14205 SE 36th St., Suite 325
Bellevue, Washington 98006
(425) 454-4233

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **MATTHEW SCHEIBE** and **JOANNA SCHEIBE**,<br><br>Plaintiff,<br><br>vs.<br><br>**CONFLUENCE HEALTH** and **CENTRAL WASHINGTON HOSPITAL**,<br><br>Defendants. | Case No. 2:19-cv-00022<br><br>**NOTICE OF REMOVAL**<br><br>**(Chelan County, Washington, Superior Court Case No. 18-2-01151-04)** |

TO:         The Clerk of the Court

AND TO:   Matthew and Joanna Scheibe, Plaintiffs,

AND TO:   Thomas E. Janisch, Thomas E. Janisch, PLLC,

Please take notice that Defendants Confluence Health ("Confluence") and Central Washington Hospital ("CWH") hereby remove this civil action to this

NOTICE OF REMOVAL – 1

Court from the Chelan County, Washington, Superior Court, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

As grounds for removal, Defendants state as follows:

1. On December 17, 2018, Plaintiffs Matthew and Joanna Scheibe ("Plaintiffs") commenced a lawsuit against Confluence and CWH in the Chelan County, Washington, Superior Court, entitled *Matthew Scheibe, et al. v. Confluence Health, et al.*, and appearing on that Court's docket as Case No. 18-2-01151-04 (the "*State Court Action*").

2. The State Court Action is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a) because one of the claims in the Complaint arises under a law of the United States; specifically, under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("*ERISA*").

## I. Removal Based on Federal Question

3. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4. "A suit arises under the Constitution and the laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

by some provision of the Constitution of the United States." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

A.   **Completely Preempted State Law Claims Are Removable Because They Necessarily Arise Under a Law of the United States**

5.   Ordinarily, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L.Ed.2d 55 (1987).

6.   But "[o]ne corollary of the well-pleaded complaint rule … is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64.

7.   This corollary has become known as the complete preemption doctrine. This doctrine "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

8.   The aim of the complete preemption doctrine is "to prevent a plaintiff from avoiding a federal forum when Congress has created a federal cause of action with the intent that it provide the exclusive remedy for the particular grievance alleged by the plaintiff." *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1057-58

NOTICE OF REMOVAL – 3

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

(9th Cir. 2018) (quoting Arthur R. Miller, *Artful Pleading: A Doctrine in Search of Definition*, 76 TEX. L. REV. 1781, 1785 (1998)).

9. "Once completely preempted, a state-law claim ceases to exist. But that does not mean the plaintiff has no claim at all. Instead, the state law claim is simply 'recharacterized' as the federal claim that Congress made exclusive." *Hansen*, 902 F.3d at 1058 (quotations and citations omitted).

**B.    The Complete Preemption Doctrine Applies to Claims that Could Have Been Brought Under ERISA Section 502(a)**

10. ERISA is a comprehensive federal law that, among other things, establishes various rights and responsibilities associated with employee welfare benefit plans. *See generally*, 29 U.S.C. § 1001.

11. ERISA Section 502(a) contains ERISA's civil enforcement mechanism, pursuant to which a plan participant may, among other things, bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

12. In *Taylor*, the Supreme Court held that ERISA Section 502(a), 29 U.S.C. § 1132(a), is one of those rare statutes where Congress had "clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to federal court." *Taylor*, 481 U.S. at 66.

NOTICE OF REMOVAL – 4

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

13. Thus, "[i]f state-law causes of action come within the scope of § 502(a)(1)(B), those causes of action are completely pre-empted, and the only possible cause of action is under § 502(a)(1)(B). In that event, a federal district court has federal question jurisdiction, either original jurisdiction under § 1331(a) or removal jurisdiction under § 1441(a), to decide whether the plaintiff has stated a cause of action under § 502(a)(1)(B)." *Marin Gen. Hosp.*, 581 F.3d at 946.

C. **Plaintiffs' State Law Claims are Completely Preempted by ERISA Section 502(a)(1)(B)**

14. To determine whether a state law cause of action falls within the scope of ERISA Section 502(a)(1)(B) and is thus completely preempted, courts use the two-part test articulated by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); *see also Hansen*, 902 F.3d at 1059.

15. This test is a two-prong test: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

16. In their Complaint, Plaintiffs have brought a single claim under RCW 4.08.160, a Washington state law that is entitled "Action to determine conflicting claims to property." RCW 4.08.160 states that "Anyone having in his or her

NOTICE OF REMOVAL – 5

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

...

possession, or under his or her control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on, such property, money, or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action."

17.   Plaintiff Joanna Scheibe is a former employee of CWH. As Plaintiffs allege, Mrs. Scheibe worked as a hospice nurse until about December 8, 2015. During her employment she was eligible to participate in CWH's Group Employee Short-Term and Long-Term Disability Insurance Plans (collectively, the "*Plans*"). Complaint, ¶¶ 3-5.

18.   The Plans are attached to this Notice of Removal as Exhibit C (the "*Short-Term Plan*") and Exhibit D (the "*Long-Term Plan*").

19.   Plaintiffs allege that Mrs. Scheibe became disabled by reason of "primarily severe fibromyalgia and chronic connective tissue/autoimmune disorder" beginning on about December 9, 2015, and that she "has received both short term and long-term disability benefits" from the Plans as a result. Complaint, ¶¶ 7-9.

20.   Plaintiffs also allege that Mrs. Scheibe was in an "automobile collision" in early 2015, and thereafter received settlement funds from the tortfeasor's insurance carrier. Plaintiffs contend that the funds in question are "on

NOTICE OF REMOVAL – 6

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

deposit in an IOLTA money market account" maintained by Plaintiffs' counsel. Complaint, ¶¶ 10-14.

21.   Plaintiffs contend that the Plans, through an agent of their carrier (Cigna), have asserted "a large and disproportionate lien" upon these settlement proceeds. In the State Court Action, Plaintiffs attack the validity and amount of this lien. They ask the court to declare, pursuant RCW 4.08.160, "whether there is any lien for disability payments" on the proceeds in question, "if so the actual amount," and whether the lien might be reduced on account of the alleged "procurement fees and cost incurred by [Plaintiffs]." Complaint, ¶ 14 and Prayer for Relief, ¶¶ 1-4.

22.   Under *Davila*, Plaintiffs' claim is completely preempted by ERISA Section 502(a)(1)(B).

23.   Both of the Plans are ERISA plans. The Short-Term Plan and Long-Term Plan each state explicitly that they are "subject to the Employee Retirement Income Security Act of 1974" and that their terms constitute "a Plan document within the meaning of ERISA." Short-Term Plan, p. 19; Long-Term Plan, p. 36.

24.   Moreover, ERISA applies to "any employee benefit plan if it is established or maintained …. [b]y any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). Both Plans fit that definition, as each Plan provides a disability insurance benefit to various classes of employees of Confluence and its affiliates and subsidiaries, including CWH. *See* Short-Term Plan, Preface and pp. 1, 16; Long-Term Plan, pp. 5, 7, 29.

NOTICE OF REMOVAL – 7

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

25. Considering the two prongs of the *Davila* test, the second prong is easily established, as neither Confluence nor CWH could have an "independent legal duty" apart from the Plans to pay disability benefits to either of the Plaintiffs. Employers have no independent legal duty of an employer to pay disability benefits to employees or their spouses. Moreover, Plaintiffs have alleged explicitly that that the benefits to which Mrs. Scheibe is supposedly entitled are those received "through the disability plan." Complaint, ¶ 9.

26. The remaining prong of the *Davila* test is also established here, because Plaintiffs' lawsuit could have been brought under ERISA Section 502(a)(1)(B). As shown below, Plaintiffs' allegations could have been brought using any one of Section 502(a)(1)(B)'s three causes of action: an action by a participant to recover benefits due, to enforce plan rights, or to clarify rights to future benefits.

### 1. **Plaintiffs' Lawsuit is an Action to Recover Plan Benefits**

27. ERISA Section 502(a)(1)(B) permits a participant to bring an action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

28. Mrs. Scheibe is a participant in both Plans. Complaint, ¶ 4.

29. By asserting liens on the proceeds on Plaintiffs' automobile collision settlement, the Plans are attempting to enforce their right to recover overpayments

NOTICE OF REMOVAL – 8

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

of Plan benefits—in other words, the Plans are repudiating their earlier position that Mrs. Scheibe was entitled to the disability benefits that are subject to the lien. Short-Term Plan, p. 9; Long-Term Plan, pp. 19-20.

30. Through their lawsuit, Plaintiffs attack this repudiation, in that they are asking the Court to declare that Mrs. Scheibe should not have to repay anything to the Plans (or that the amount to be repaid should be reduced). See Complaint, at Prayer for Relief.

31. Thus, in their suit against the Plans' Administrators, Plaintiffs are asking the Court to remove a cloud from Mrs. Scheibe's earlier receipt of disability benefits, and to declare that she may keep those benefits without having to reimburse the Plans for the alleged overpayments relating to the automobile collision.

32. Plaintiffs' effort to invalidate these liens is thus an attempt to establish Mrs. Scheibe's entitlement to benefits under an ERISA Plan.

33. This could have been brought under ERISA Section 502(a)(1)(B) as an action by a plan participant "to recover benefits due."

**2.    Plaintiffs' Lawsuit is an Action to Enforce Plan Rights**

34. Plaintiffs also allege that Mrs. Scheibe has an enforceable right to disability benefits under the Plans due to her fibromyalgia. Complaint, ¶¶ 7-9

35. Plaintiffs allege that Mrs. Scheibe's right to benefits under the Plans should be unaffected by her January 2015 automobile collision because it

NOTICE OF REMOVAL – 9

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

supposedly "cannot be proven on a more likely than not basis that the severe fibromyalgia was proximately caused by the … automobile collision." Complaint, ¶ 15.

36. By asserting liens, the Plans have taken the position that, in light of the events relating to the automobile collision, Mrs. Scheibe did not have a right to the earlier benefits paid to her under the terms of the Plans, and that these earlier payments to her were overpayments.

37. By seeking a determination that the January 2015 injuries that Mrs. Scheibe incurred did not result in overpayments, and that the Plaintiffs should be permitted to retain the full settlement proceeds, Plaintiffs are attempting to enforce Mrs. Scheibe's alleged rights to retain disability benefits under the terms of the Plans.

38. This could have been brought as an action under ERISA Section 502(a)(1)(B), as an action by a plan participant to "enforce [Mrs. Scheibe's] rights under the terms of the plan."

### 3. Plaintiffs' Lawsuit is an Action to Clarify Mrs. Scheibe's Rights to Future Plan Benefits

39. Also, by seeking to invalidate the Plans' liens, Plaintiffs are contending that the Plans have no enforceable right to recover any overpayment relating to the injuries that Mrs. Scheibe suffered in the January 2015 automobile collision.

NOTICE OF REMOVAL – 10

40. Both Plans permit the Plan to reduce future payments to beneficiaries to recoup past overpayments. Short-Term Plan, p. 9 (stating that the Plan may "reduce any amounts payable" to "recover any benefits it has overpaid"); Long-Term Plan, pp. 19-20 (same).

41. A finding that there was no overpayment relating to the injuries that Mrs. Scheibe suffered in the January 2015 automobile collision would preclude the Plans from reducing *future* payments to Mrs. Scheibe to recover those overpayments.

42. By attempting to invalidate or reduce the Plans' liens, Plaintiffs are thus trying to free Mrs. Scheibe of the possibility of future benefit reductions.

43. This could have been brought as an action by a plan participant under ERISA Section 502(a)(1)(B) to "clarify [Mrs. Scheibe's] rights to future benefits under the terms of the plan."

**D.    Courts Routinely Find Claims Like This to be Completely Preempted by ERISA Section 502(a)(1)(B).**

44. Courts across the country, including within the Ninth Circuit, hold that claims such as those brought by Plaintiffs are completely preempted and removable.

45. For example, the case of *Noetzel v. Hawaii Medical Service Assn.*, 183 F. Supp. 3d 1094 (D. Haw. 2016) is on point. Just like Mrs. Scheibe, the plaintiff in *Noetzel* had been in a car accident and received a settlement from the

NOTICE OF REMOVAL – 11

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

tortfeasor. Her health insurer "notified [her] that it intended to seek reimbursement from the settlement for the health benefits provided to her, pursuant to the reimbursement terms of its Plan." *Id*. at 1097. The plaintiff sued in state court, asking for a declaration that the insurer's lien over the settlement proceeds was invalid. The insurer removed the lawsuit to federal court, arguing that the plan in question was an ERISA plan and the state law claim was completely preempted. The District Court agreed. After an extensive review of the case law, it denied the plaintiff's motion to remand. It held that the plaintiff's attack on her ERISA insurer's lien was completely preempted by ERISA because, under *Davila*, it could have been brought under ERISA Section 502(a)(1)(B):

> **[C]laims attempting to invalidate reimbursement clauses in ERISA plans are claims that could be brought under ERISA § 502(a)(1)(B)**. …
>
> Noetzel could have brought her claim under ERISA § 502(a)(1)(B) in order to "enforce [her] rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Noetzel, after all, does not dispute that she is entitled to coverage or that the Plan terms under which she received medical benefits are valid. Noetzel simply argues that other Plan terms, specifically those permitting reimbursement for amounts equivalent to general damages, are void under Haw. Rev. Stat. § 663-10.
>
> Noetzel's claim alternatively could have been brought as a claim "to recover benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). Any claim to recover benefits is completely preempted. …
>
> **What Noetzel seeks is recovery of the entire benefit provided by HMSA, as opposed to the benefit minus**

NOTICE OF REMOVAL – 12

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

> the amount to be reimbursed to HMSA. … Noetzel's benefits are still "under something of a cloud," given HMSA's assertion of a right to recoup some of the value of the benefits paid. "It could be said, then, that although the benefits have already been paid, [Noetzel] has not fully 'recovered' them because [she] has not obtained the benefits free and clear of [HMSA's] claims." … That HMSA had already provided the benefits to Noetzel, as opposed to having denied them in the first instance, does not change **the nature of her claim, which, for all intents and purposes, seeks to establish her entitlement to ERISA benefits**.
>
> Had HMSA denied benefits to Noetzel up front, instead of first providing benefits and later seeking to "diminish" them under the Plan's reimbursement terms, a challenge by Noetzel to that denial would undisputably have fallen within ERISA § 502(a)(1)(B). This court sees no justification, and Noetzel posits none, for reading ERISA § 502(a)(1)(B) as authorizing a claim challenging the up-front denial of benefits, but not a claim challenging the later diminution of benefits. Admittedly, a beneficiary might sustain greater injury when an ERISA plan provider denies a benefit up front. Such a denial could deprive the beneficiary of medical care if he or she cannot pay out of pocket or from another source. But this risk does not change what § 502(a)(1)(B) permits. **Both an initial denial of benefits and a later diminution of benefits involve alleged repudiations of an ERISA plan benefit and may trigger a claim by a participant or beneficiary "to recover benefits due . . . under the terms of [the] plan" or "to enforce rights under the terms of the plan."** 29 U.S.C. § 1132(a)(1)(B).

*Id*. at 1105-06 (emphasis added).

46.  Other District Courts within the Ninth Circuit have reached the same conclusion: ERISA Section 501(a)(1)(B) completely preempts state law attacks by ERISA plan participants against their insurer's claimed reimbursement rights

NOTICE OF REMOVAL – 13

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

relative to tort settlement proceeds. *Cavanaugh v. Providence Health Plan*, No. 08-CV-1351-BR, 2009 U.S. Dist. LEXIS 133894, *26-27 (D. Or. Apr. 13, 2009) (state law attack on ERISA insurer's reimbursement rights was completely preempted; "Plaintiff has not fully recovered [her plan benefits] because she has not obtained them free and clear of Defendant's claims for reimbursement. Accordingly, Plaintiff's claim is one to recover benefits under an ERISA plan. Alternatively, the Court concludes Plaintiff seeks to enforce her rights under the terms of the Plan because she seeks a determination as to her entitlement to retain the benefits based on the terms of the Plan"); *Liming v. Checkfree Services Corp.*, No. CV-05-1247-PHX-MHM, 2005 U.S. Dist. LEXIS 39155, *11 (D. Ariz. Dec. 16, 2005) (same; plaintiff could have sued under Section 502(a)(1)(B) because she was seeking "a determination [about] whether she is entitled to retain the benefits based on the terms of the plan").

47. Moreover, while the Ninth Circuit has yet to address this precise question, other Circuit Courts of Appeal have, and they have reached the same conclusion. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005) ("Where, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate"); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (same; plaintiff could have sued under Section 502(a)(1)(B) by arguing that he "has not fully 'recovered'

NOTICE OF REMOVAL – 14

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

them [the benefits] because he has not obtained the benefits free and clear of [the insurer's] claims," or that he needs "to enforce his rights under the terms of the plan, for he seeks to determine his entitlement to retain the benefits based on the terms of the plan"); *Singh v. Prudential Health Care Plan Inc.*, 335 F.3d 278, 290-291 (4th Cir. 2003) (same; plaintiff's attack on the insurer's subrogation rights was "no less a claim for recovery of a plan benefit under § 502(a) than if she were seeking recovery of a plan benefit that was denied in the first instance"); *cf. Helfrich v. Blue Cross and Blue Shield Assn.*, 804 F.3d 1090, 1106 (10th Cir. 2015) (holding that there is no difference between a claim for benefits due from a Plan and a claim challenging a right to repay benefits to the Plan, as "a carrier's contractual right to reimbursement and subrogation arises from its payment of benefits; and an enrollee's ultimate entitlement to benefit payments is conditioned upon providing reimbursement from any later recovery or permitting the Plan to recover on the enrollee's behalf");.

48.    Because Plaintiffs' claims are completely preempted by ERISA Section 502(a)(1)(B), they necessarily arise under ERISA, a law of the United States. This Court would therefore have original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and removal is thus proper pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL – 15

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

**Compliance with Removal Procedures**

49. This Notice of Removal is being filed within 30 days after service of Plaintiffs' Complaint, which was served on December 18, 2018. 28 U.S.C. § 1446(b).

50. Copies of all papers served thus far in the State Court Action are being submitted with this Notice of Removal, which consist only of the Complaint (Exhibit A) and Summons (Exhibit B). Also attached are the Short-Term Plan (Exhibit C) and Long-Term Plan (Exhibit D).

51. Both of the Defendants, Confluence and CWH, by submission of this Notice, hereby consent to the removal of the State Court Action to this Court.

52. Removal to this particular District Court is proper because the State Court Action was initiated in Chelan County, Washington, within the territorial boundary of this District; the benefits obligation at issue arose, if at all, in Chelan County; Chelan County is where Defendants reside; and Plaintiffs allege that they reside in Douglas County, Washington (Complaint, ¶ 1), which is also within this District's territorial boundary.

53. Promptly upon the filing of this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the Chelan County, Washington, Superior Court, and will serve a copy of this document upon Plaintiffs through their counsel.

DATED this 15th day of January, 2019.

NOTICE OF REMOVAL – 16

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

|   |   |
|---|---|
| 1 | SEBRIS BUSTO JAMES |
| 2 | *s/Jeffrey A. James* |
| 3 | Jeffrey A. James, WSBA #18277<br>B. Jason Rossiter, WSBA #44732 |
| 4 | 14205 SE 36th St., Suite 325<br>Bellevue, Washington 98006 |
| 5 | (425) 454-4233<br>jaj@sebrisbusto.com<br>jrossiter@sebrisbusto.com |
| 6 | Attorneys for Defendants |

NOTICE OF REMOVAL – 17

## Certificate of Service

I, Holly Holman, certify under penalty of perjury under the laws of the United States and the State of Washington that, on January 15, 2019, I served the attached document to the individual listed below in the manner shown next to his name:

*Attorneys for Plaintiffs:*

Thomas E. Janisch, WSBA #16075
Thomas E. Janisch, PLLC
23 S. Wenatchee Ave., Suite 122
Wenatchee, Washington 98801
tom@janischlaw.com

☒ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By ABC Messenger
☐ By Electronic Mail
☒ By E-service

*/s/Holly Holman*
Holly Holman

NOTICE OF REMOVAL – 18

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005